

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:01-CR-171 |
| | § | |
| CRAIG EDWARD NOACK | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Craig Edward Noack, violated conditions of supervised release imposed by United States District Judge Howell Cobb. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release  The Court conducted a hearing on April 29, 2010, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### A. Procedural History

On May 28, 2002, The Honorable Howell Cobb, United States District Judge for the Eastern District of Texas, sentenced Defendant after he pled guilty to the offense of possession of a firearm by a convicted felon, a Class C felony. Judge Cobb sentenced Mr. Noack to 92 months imprisonment, to run concurrently to the defendant's term of imprisonment imposed for convictions in Jefferson County, Texas. Judge Cobb ordered that the term of imprisonment was to be followed by a three year term of supervised release subject to the standard conditions of release, plus special conditions to include shall not commit any offenses against a foreign state or nation; financial disclosure; substance abuse testing; drug aftercare; the defendant shall not possess or open a checking account, nor draft any checks on any existing account, without first obtaining the account holder's written permission to draft a check a specific amount of money; and a $100 special

assessment. On April 25, 2008, Craig Edward Noack completed his period of imprisonment and began service of the supervision term.

Judge Cobb has since passed way. Accordingly, on November 24, 2008, this case was reassigned to United States District Judge Ron Clark.

On March 18, 2009, Mr. Noack's conditions of supervised release were modified to include the defendant shall totally abstain from any use of alcoholic beverages, and shall abstain from the use of any other intoxicant not prescribed by a physician.

### B. Allegations in Petition

The United States alleges that Defendant violated the following special condition of supervised release:

*The defendant shall totally abstain from any use of alcoholic beverages, and shall abstain from the use of any other intoxicant not prescribed by a physician.*

Specifically, on June 12, 2009, Mr. Noack drove himself to Simon Counseling and Consultation in Port Arthur, Texas, to submit a urine specimen. Upon arrival, he was observed by the probation officer to be under the influence of alcohol.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government proffered testimony from a United States Probation Officer who would testify that on June 12, 2009, Mr. Noack drove himself to Simon counseling in Port Arthur, Texas, to submit a urine specimen. The testimony would further show that Mr. Noack was observed to be under the influence of alcohol. He also admitted to being under the influence of alcohol at that time. The Probation Office submitted the urine specimen to Kroll laboratories

for testing. The laboratory report for that specimen yielded a positive result for alcohol.

Defendant, Craig Edward Noack, offered a plea of true to the allegations. Specifically, Mr. Noack agreed with the evidence presented and pled true to the allegations that he used alcohol in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a special condition of his supervised release by using alcohol in violation of his supervision conditions.

If the Court finds that Mr. Noack violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon Mr. Noack's criminal history category of VI and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from to eight (8) to fourteen (14) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years, less any time the Defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that Defendant committed a Grade C violation of his supervision conditions by submitting a urine specimen which tested positive for alcohol. Mr. Noack knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violations.

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **twelve (12) months and one (1) day imprisonment**. The Court also recommends that he receive credit for time already spent in federal custody on this matter and that he be placed in the Bureau of Prisons Federal Correctional Institute, in Texarkana, Texas, for service of the imprisonment term, if possible. The Court finally recommends that Mr. Noack receive no further supervision term upon his release.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

(14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of May, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE